948 F.2d 1283
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Dean CARMICHAEL, Defendant-Appellant.
 No. 91-5285.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 24, 1991.
Decided Nov. 26, 1991.
As Amended Dec. 9, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CR-90-49-5)
 Franklin D. Pope, Robinson & Pope, Jacksonville, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Jane H. Jolly, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, PHILLIPS and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Anthony Dean Carmichael was convicted by a jury of possession with intent to distribute 2.5 grams of crack (21 U.S.C. § 841). The proof at trial was that Carmichael had been arrested for driving without a license, that during his arrest he had chewed up and swallowed an undetermined amount of drugs, probably crack, and that shortly afterward a 2.4 gram rock of crack cocaine had been discovered on his person. Carmichael contends on appeal that the district court erred in refusing to accept as an expert on drug use and drug addiction a witness he offered for that purpose, and in finding that he possessed at least three grams of crack for purposes of sentencing. We affirm.
 
 
 2
 Carmichael's proffered expert witness had no formal training and had gained his knowledge of drug use and addiction through experience. Acceptance of a witness as an expert in a particular field is a matter within the discretion of the trial judge. United States v. Pino, 606 F.2d 908, 918 (10th Cir.1979). Here, the district court did not abuse his discretion in refusing to allow the witness to testify as an expert, but accepting his lay testimony about his experiences.
 
 
 3
 For substantive drug offenses, the offense level is determined by the amount of drug set forth in the indictment unless the evidence at trial clearly establishes a greater amount. United States v. Roberts, 881 F.2d 95 (4th Cir.1989). Here, a greater but uncertain amount was established by the evidence at trial. Under U.S.S.G. § 2D1.1, comment. (n. 12), if the amount of drug seized in a substantive offense does not reflect the scale of the offense, the sentencing judge should approximate the quantity of drug, as also provided in section 2D1.4 (attempts and conspiracies). The district court correctly followed this procedure.
 
 
 4
 The district court heard testimony from the State Bureau of Investigation narcotics agent that, in his opinion, based on his experience the residue in and around Carmichael's mouth after he chewed and swallowed the unknown amount of drugs was more than .1 of a gram, a typical dosage unit. The agent also testified that, in his opinion, judging by the acute adverse reaction suffered by Carmichael, more than .8 of a gram of crack had been swallowed. Taking into account medical testimony at trial that individual reactions to drugs vary, the district court determined that Carmichael had possessed at least three grams of crack. The amount of drug involved in an offense is a factual question reviewed for clear error. United States v. Daughtrey, 874 F.2d 213 (4th Cir.1989). We cannot say that the district court's finding here is clearly erroneous.
 
 
 5
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.